The Attorney General has received your request for an opinion wherein you ask, in effect, the following questions: If only two candidates file for election to a county office, both seeking the nomination of the same political party, and one of the candidates, being the incumbent, dies after the time for withdrawing from the primary election has elapsed but several weeks prior to said election: 1. Should the primary election ballots, if printed, be reprinted to omit the deceased candidates name? 2. Is the surviving candidate considered to be unopposed in the primary election, therefore, to be considered the party's nominee without the necessity of conducting such election? 3. Can the deceased candidate be elected to office? 4. What occurs if the deceased candidate receives more votes in the primary election? It is necessary to consider the generally accepted rule that a candidate, dying before election to office, cannot be elected to office, but yet prevents other candidates in the race from being deemed elected should the deceased candidate receive the most votes. While there is no case on point in Oklahoma, a statement of the majority rule is found in Petition of Keogh-Dwyer, 106 N.J. Super. 567,256 A.2d 314 (1969) wherein the Court stated that: "The general rule is that votes cast for a deceased, disqualified, or ineligible person, although ineffective to elect such person to office, are not to be treated as void or thrown away, but are to be counted in determining the result of the election as regards the other candidates." The rationale for the rule is provided in Shroyer v. Thomas, 368 Pa. 70, 81 A.2d 435 (1951), wherein it is stated that: ". . . The principles of popular government require that votes cast for a dead man as a candidate for public office shall not be considered mere nullities, but that they shall be regarded as expressions by the voters that they prefer the office to be declared temporarily vacant until it can be filled in the manner provided by law rather than that a person whom they voted against and who represents opposing policies, should fill it for a full term . . . ." Application of Oklahoma election laws to the situation involving the death of a partisan candidate for county office prior to the primary election dictates a result consistent with the general rule. It should be first noted that once a candidate for county office files his Declaration of Candidacy, he may withdraw his candidacy only by filing written notice with the County Election Board by the Friday following the close of the filing period. See 26 O.S. 5-115 [26-5-115] (1974). Once the period for withdrawal has elapsed, there is no statute or case decision which can be construed to allow a candidate to withdraw from the primary election or to otherwise strike his name from the primary election ballot. Therefore, the name of a partisan candidate for county office who dies after the withdrawal period, but, prior to the primary election, must appear on the primary election ballot. After the primary election results have been ascertained, the surviving candidate will become the party's nominee if he receives more votes than the deceased candidate and, further, will be deemed elected to office since no other candidates are faced. See 26 O.S. 6-102 [26-6-102] (1974). Alternatively, should the deceased candidate receive the most votes in the primary election, he will not be deemed the party's nominee nor will he be deemed elected to office in accordance with the general rule. However, his receiving the most votes would have the effect of preventing the surviving candidate opposing him in the primary from being deemed nominated or elected. Indeed, even after the primary is held, there is still no means under Oklahoma law by which the name of the candidate dying before the primary may be stricken from the ballot. Title 26 O.S. 5-116 [26-5-116] (1974) allows for withdrawal of candidacy after the primary election. However, such provision allows only a candidate in a runoff primary election to withdraw by the Monday following the primary. Furthermore, 26 O.S. 1-105 [26-1-105] (1974) establishes the procedure to be followed in providing a substitute candidate "in the event of the death of a political party's nominee for office . . ." However, 26 O.S. 1-105 [26-1-105](1) provides that: "If the nominee was a candidate for county office, the political party's central committee of said county shall notify, in writing, the secretary of the county election board of said nominee's death within five (5) days after said death occurs, and shall within fifteen (15) days after such notification, certify to the secretary the name of a substitute candidate, who shall be selected in a manner to be determined by the county central committee of said party." It is apparent that 26 O.S. 1-105 [26-1-105] is inapplicable since the Legislature contemplated the situation, unlike the one involved herein, where death occurs after the candidate has become the party's nominee and, therefore, after the primary election. Indeed, if such five day notice were given after the death of the candidate involved herein, such notice would be given well in advance of the primary election and, therefore, in advance of the time that the party's nominee could be determined. Therefore, in the event that the candidate dying before the primary election receives more votes in the primary than his surviving opponent in the election, neither is deemed elected. The failure to elect a person to office and the resulting failure of an elected candidate to qualify for, and enter into the duties of, the office will necessitate the commencement of action by the county commissioners to fill the term of office for which no candidate was elected to, or qualified for, as provided by law. Accordingly, it is the official opinion of the Attorney General that your questions be answered as follows: 1. The name of a partisan candidate seeking election to a county office who dies after the time for withdrawing from the primary election, but prior to the primary, must appear on the primary election ballot. 2. If the deceased candidate receives more votes in the primary election than his surviving opponent, the deceased candidate is not elected to office nor is the surviving candidate elected. 3. In such event, the failure to elect a candidate and the resulting failure of an elected candidate to qualify for, and enter into the duties of, the office will necessitate the taking of appropriate steps to fill the term of office as provided by law. (Brent S. Haynie)